IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LORENZO RUSSELL               )
                                                     )
v.                                              ) NO. 3-13-0316
                                                 ) JUDGE CAMPBELL
KLOECKNER METALS CORP.     )

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 18). For the reasons stated herein, Defendant's Motion is DENIED.

## FACTS

Plaintiff is a former employee of Defendant Kloeckner Metals. Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), alleging that Defendant retaliated against Plaintiff because of his complaints, which were protected activity under the FLSA.

Plaintiff contends that he worked in Defendant's Murfreesboro location as a machine operator. He asserts that on September 11, 2012, all Murfreesboro plant employees were called into a meeting during the lunch hour when employees typically were off the clock. Plaintiff avers that later that day, Plaintiff contacted a human resources professional at Defendant's Cincinnati location and reported that he and other hourly, non-exempt workers had been required to attend a plant meeting off the clock.

Plaintiff alleges that the next day, September 12, 2012, Defendant retaliated against him for making this report by posting a sign that employees would no longer be allowed to dump landscaping debris on Defendant's property, a practice in which Plaintiff had participated for six or seven years. Plaintiff claims that, on September 13, 2012, he discussed with both his manager of plant operations, Michael Drake, and Defendant's president of the southern region, Joey Johnson,

about being required to attend a meeting off the clock. Plaintiff asserts that he also told Johnson that he felt as though he had been retaliated against with the landscaping debris posting. Plaintiff claims that Johnson responded by saying, "If you are so unhappy, why don't you leave?"

Plaintiff avers that, because of his complaints, he and the other hourly, non-exempt employees eventually were paid for the time they were required to attend the meeting. Plaintiff alleges that, on October 31, 2012, Johnson made the decision to "lay him off" and Defendant fired Plaintiff. Plaintiff contends that his firing was in retaliation for his complaining about Defendant's unlawfully requiring its hourly, non-exempt employees to attend a meeting without being paid.

Defendant has moved for summary judgment on Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## FLSA RETALIATION

Under the Fair Labor Standards Act, it is unlawful for any person to discharge or in any other manner discriminate against any employee because that employee has filed a complaint or instituted or caused to be instituted any FLSA proceeding or has testified or is about to testify in any such proceeding. 29 U.S.C. § 215(a)(3). To establish a *prima facie* case of retaliation, the employee must prove that (1) he engaged in a protected activity under the FLSA; (2) his exercise of the protected right was known by the employer; (3) thereafter, the employer took an adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action. *Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006).

If the employee establishes a *prima facie* case, the burden then shifts to the employer to set forth a legitimate, non-retaliatory reason for the adverse employment action. *Id*. If the employer carries that burden, then the employee must prove that the employer's proffered reason was not the true reason but merely a pretext for retaliation. *Id*.

Defendant's first argument is that Plaintiff cannot show that he engaged in protected activity under the FLSA. Defendant asserts that Plaintiff's comments to management concerning being paid for the lunch meeting did not give Defendant fair notice that a grievance had been lodged under the FLSA and also that Plaintiff presented a question or inquiry, not a complaint or grievance.

3

The Supreme Court has held that a complaint is filed when a reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under the FLSA. *Kasten v. Saint-Goban Performance Plastics Corp.*, 131 S.Ct. 1325, 1335 (2011). The fair notice does not necessarily have to be in writing. *Id*. The complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. *Id*.

The parties disagree about the factual aspects of Plaintiff's alleged complaints. Defendant argues that Plaintiff merely inquired about lunch breaks and Tennessee law, but Defendant's human resources officer testified that Plaintiff called her with a concern that he would not be paid for a meeting they held at lunch and that he expressed a concern to her that he was not going to get paid. Docket No. 24, ¶ 18. Defendant claims that Plaintiff testified that he was not concerned about being paid for the lunch meeting as of September 13, but Plaintiff shows how Defendant's assertion is taken out of context. Docket No. 24, ¶ 24. Plaintiff has also stated that he complained to both Johnson (President of the Southern Region) and Drake (Manager of Plant Operations) about the concern he raised to human resources. There are issues of fact as to whether Plaintiff's comments can be construed as complaints.

In addition, Plaintiff has also presented evidence sufficient to create a genuine issue of material fact as to whether he engaged in protected activity when he complained about Defendant's alleged "retaliation" of not allowing him to dump landscaping debris on Defendant's property.

There being genuine issues of material fact as to what Plaintiff's alleged protected activity actually was, there are certainly questions for a jury about whether that activity gave fair notice to a reasonable employer of Plaintiff's assertion of FLSA rights. Defendant's assertion that Plaintiff's

4

complaints were not objectively reasonable and made in good faith also raises factual issues which are not appropriately decided on a summary judgment motion.

Defendant next contends that Plaintiff is unable to show that he was subject to an adverse employment action in retaliation for his protected activity. The Court agrees that enforcing the anti-dumping policy was not an adverse employment action,[1] but there is no question that being fired is an adverse employment action.

Defendant argues that Plaintiff cannot show a causal connection between his protected activity and the decision to terminate his employment. Plaintiff contends that immediately after he complained about the lunch meeting, Defendant changed its long-standing policy of allowing him to dump landscaping debris on Defendant's property and, within less than two months, Defendant fired him. Plaintiff also asserts that Mr. Johnson responded to Plaintiff's complaint by saying, "If you are so unhappy, why don't you leave?"

In order to establish a causal connection between the protected conduct and the adverse action, a plaintiff must produce enough evidence of a retaliatory motive such that a reasonable juror could conclude that the adverse action would not have occurred but for his engagement in protected activity. *Dye v. Office of the Racing Commission*, 702 F.3d 286, 205 (6th Cir. 2012). A causal link can be shown through direct or circumstantial evidence, including showing temporal proximity between engaging in protected activity and suffering an adverse employment. *Id.*

---

[1] This finding does not preclude the relevance of this "new" enforcement of the anti-dumping policy to Plaintiff's allegation of retaliation. Incidents of misconduct that do not rise to the level of an adverse employment action may be relevant at trial to show a pattern of mistreatment on the job based on plaintiff's protected activities. *Dye v. Office of the Racing Commission*, 702 F.3d 286, 205 (6th Cir. 2012).

Plaintiff alleges that the decisionmakers, including the human resources professional in Cincinnati, Mr. Johnson, Mr. Drake and Mr. Fitzgerald (his supervisor) all knew about his protected activity. Plaintiff contends that he was the only production employee fired, despite his years of experience and his ability to operate all machines. Defendant argues that Plaintiff was terminated by Mr. Johnson as part of a reduction in force because his position was eliminated. The Court finds that there is a genuine issue of material fact as to the causation element and, therefore, this issue also must be presented to a trier of fact.

Finally, Defendant asserts that Plaintiff cannot show that its decision to fire him was pretextual. In order to show pretext, Plaintiff must establish that Defendant's legitimate, non-discriminatory reason for its action was not the true reason for its action but merely a pretext for retaliation. *Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006).

For the reasons stated above, the Court finds that there are genuine issues of material fact with regard to both Plaintiff's and Defendant's actions concerning the lunch meeting, the anti-dumping policy, and Plaintiff's firing. A jury will have to determine whether Plaintiff's allegedly protected activity caused Defendant to retaliate against him.

## CONCLUSION

Defendant's Motion for Summary Judgment (Docket No. 18) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE